The Chief Justice
delivered the opinion of the court.
This was an action of assault and battery. The defendant pleaded moliter manus imposuit, and issue was thereupon joined to the country. On the trial a verdict was found for the defendant; and the court having overruled a motion made by the plaintiff for a new trial, he excepted, and spread the evidence upon the record. Whereupon a *450 judgment was rendered for the defendant, and the plaintiff has appealed to this court.
A new trial should not be granted (tho the verdict is not strictly according to evidence) if the case is frivolous, and the just amount of damages very small.
Hardin for appellant, Pope for appellee
It is clear that in strictness of law the evidence did not support the plea; but the injury appears to have been inconsiderable, and was manifestly provoked by the perversness and misconduct of the plaintiff. The damage, therefore, which he would have recovered, had a new trial been granted, must have been trifling not equal in all probability to the expences of such a trial; and it is a settled rule, after a verdict for the defendant, in a trifling or frivolous action, not to grant a new trial, though the jury may have found contrary to evidence. An action in England is considered as trifling in this respect, when the sum to be recovered is less than l. 20. 2 Tidd’s Prac. 819. Without deciding what sum should be recoverable to exempt a suit from the same character in this country, we may with confidence affirm, that it should at least be equal, not only to the money to be expended by the parties, but to the time which would be consumed by themselves, by their witnesses, by the jury, and by the court in the cause of the litigation.
Where it is less than that, in the language of a celebrated judge, the play is not worth the candle, and a new trial should not be granted.
The judgment must be affirmed with costs.